UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDREW PIERCE,
    Plaintiff,

v.            CASE NO. 3:14-cv-1477 (VLB)

OMPRAKASH PILLAI,[1]     October 15, 2014
    Defendant.

## INITIAL REVIEW ORDER

The plaintiff, Andrew Pierce, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000). The complaint was received by the court on October 6, 2014, and his motion to proceed *in forma pauperis* was granted on October 8, 2014. As the plaintiff seeks damages only, the Court construes the complaint as against Dr. Pillai in his individual capacity only, since Dr. Pillai is immune from such a suit in his official capacity. *See Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citation and quotations omitted); *Quern v. Jordan,* 440 US 332, 337(1979) ("[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh

---

[1] The case caption misidentifies the Defendant in this action. His correct name, to which the Court will refer, is "Dr. Omprakash Pillai."

Amendment."). The plaintiff alleges that the defendant was deliberately indifferent to his serious medical need.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, in September 2011, while he was a pretrial detainee, a nurse accidently inserted a needle incorrectly during his dialysis treatment causing a bubble to form. [Dkt. #1, Compl. at ¶ 1]. The bubble ruptured

2

and the plaintiff was taken to the University of Connecticut Health Center ("UConn Health"), where a doctor repaired the rupture and prescribed antibiotics to prevent infection. [*Id.* at ¶¶ 2-3]. However, the antibiotics never arrived. [*Id.* at ¶ 5]. Over the following two weeks, the plaintiff submitted request slips to the prison infirmary to inquire about when he would receive the antibiotics. [*Id.*] During this time, the plaintiff also sent two request slips to Dr. Pillai, informing him that a doctor at UConn Health had prescribed him antibiotics and inquiring as to when he would receive them. [*Id.* at ¶ 6]. Plaintiff received no response. [*Id.*] Plaintiff further alleges that he filed a grievance against Dr. Pillai, for failure to provide him with the antibiotics he was prescribed. [*Id.* at ¶ 8].

On September 14, 2011, a nurse at the prison infirmary took a blood sample from the plaintiff, which tested positive for an MRSA staph infection. [*Id.* at ¶ 7]. Dr. Pillai did not inform the plaintiff of the test results. [*Id.*] On September 22, 2011, the plaintiff received medication to treat the MRSA infection. [*Id.* at ¶ 9]. His condition worsened after the first medication, and a second medication also did not work. [*Id.*] On October 26, 2011, the plaintiff was taken to the University of Connecticut Medical Center and was hospitalized in isolation for one month. Only then did the plaintiff learn that he had contracted MRSA. [*Id.* at ¶ 11]. The plaintiff underwent surgery to remove the infected tissue in his upper arm. [*Id.* at ¶ 12].

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth

Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To establish cruel and unusual punishment, the plaintiff must allege facts showing acts or omissions by the defendant and an intent to deny or unreasonably delay access to needed medical care.  *Id.* at 104-06.  "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation," *Mills v. Luplow*, 391 F. App'x 948, 950 (2d Cir. 2010) (citation and quotations omitted); rather, the conduct complained of must "shock the conscience" or constitute a "barbarous act." *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (*citing United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970)).

There are both subjective and objective components to the deliberate indifference standard.  *See Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  That is, the condition must produce death, degeneration or extreme pain.  *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions.  *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006).  Thus, the fact that a prison official did not alleviate a significant risk that he should have but did not perceive does not constitute deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

Here, the plaintiff alleges that he was denied the antibiotics his doctor had prescribed despite multiple written requests, and because the medication was not

4

administered, he contracted a virulent infection, MRSA, which necessitated a lengthy period of treatment and confinement.  These allegations are sufficient to state a claim for deliberate indifference.  Accordingly, the case will proceed on the plaintiff's claim of deliberate indifference to serious medical needs at this time.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     The Clerk shall verify the current work address of defendant Pillai with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to him at the confirmed address within twenty-one (21) days from the date of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     The Clerk shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(3)     The defendant shall file his response to the complaint, either an answer or motion to dismiss, within 120 days from the date of this order.  If he

5

chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above.  He also may include any and all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(6) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

                                              _____/s/_____
                                              **Vanessa L. Bryant**
                                              **United States District Judge**

**SO ORDERED this 15th day of October 2014, at Hartford, Connecticut.**