UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW PIERCE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:14-cv-1477 (VLB) |
| | : | |
| OMPRAKASH PILLAI, | : | November 15, 2016 |
| Defendant. | : | |

MEMORANDUM OF DECISION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Dkt. No. 24]

Plaintiff, Andrew Pierce ("Pierce"), incarcerated and proceeding *pro se*, has filed this action under 42 U.S.C. § 1983 against defendant Dr. Omprakash Pillai ("Pillai"), alleging deliberate indifference to a serious medical need in connection with Plaintiff's exposure to Methicillin-resistant Staphylococcus Aureus ("MRSA"). The Defendant argues summary judgment is appropriate based on (i) the statute of limitations, (ii) Plaintiff's failure to exhaust his administrative remedies, and (iii) lack of evidence that Defendant was deliberately indifferent to a serious medical need. For the reasons that follow, the Defendant's Motion for Summary Judgment is GRANTED.

I.   Factual Background

The following facts are based on the exhibits submitted with the parties' summary judgment briefing.

Plaintiff has required hemodialysis, three times per week, since 2003. [Dkt. No. 24, Ex. B (Plaintiff's Deposition) at 13.] Plaintiff was first incarcerated on June 22, 2011, and was moved to the McDougall Walker

Correctional Center ("McDougall") on July 7, 2011. *Id.* at 11-12.  While incarcerated, Plaintiff's hemodialysis was conducted by the Renal Group. [Dkt. No. 24, Ex. C at 1-2 (Pillai Affidavit).]  Plaintiff was a pretrial detainee throughout the relevant time period.  [Plaintiff's Deposition at 12.]

On September 4, 2011, after Plaintiff's hemodialysis treatment, the injection site on Plaintiff's arm began to hurt, and "started oozing."  [Dkt. No. 24, Ex. D (Plaintiff's Medical File) at 30.]  The injection site, the Arteriovenous fistula ("AV fistula"), began to bleed more profusely and prison staff applied pressure, contacted the on-call doctor, and transported Plaintiff to the John Dempsey Hospital Emergency Room at the University of Connecticut for evaluation and treatment.  [*Id.* at 30; Pillai Affidavit at 1.]  The emergency room staff determined Plaintiff's AV fistula ruptured while his arm was being cleaned, causing approximately 450 milliliters of blood loss.  [Plaintiff's Medical File at 29.]  Hospital staff surgically repaired Plaintiff's AV fistula, placed a stent, and administered hemodialysis.  [*Id.* at 27; Pillai Affidavit at 1.]  When he was discharged on September 7, 2011, the treating physician prescribed "Tylenol No. 3 for pain if needed, otherwise his medications have not changed except for the antibiotics dosing which is given by [the] Renal g[group] during dialysis."  [Plaintiff's Medical File at 231.]  The physician did not note an infection at that time. *Id.*

2

Plaintiff testified at his deposition that he "was told by the doctor at UConn that I was supposed to receive antibiotics once I returned back to the facility." [Plaintiff's Deposition at 33.] Plaintiff testified that by September 10, 2011 he had not received the antibiotics the University of Connecticut doctor had referenced, despite having filed "several request slips." *Id.* at 33. Accordingly, Plaintiff testified he "filed a grievance against Dr. Pillai for not giving me antibiotics prescribed by the doctor at UConn" on September 10, 2011. *Id.* at 33. Plaintiff stated he received no response to his grievance, and was not allowed to keep a copy of his grievance. *Id.* at 34.

Defendant, conversely, submits the affidavit of Nikia M. Henderson, who maintains the Medical Grievance Log at MacDougall-Walker Correctional Institution. [Dkt. No. 24, Ex. G.] Ms. Henderson stated in her sworn affidavit that she "reviewed records of all inmate medical grievances and grievance appeals at MacDougall-Walker Correctional Institution from September 1, 2011 to September 1, 2012," and found that Plaintiff "did not file any medical grievances" during that time. *Id.* at 1. A copy of the Medical Grievance Log from September 1, 2011 to September 1, 2012 was attached with Ms. Henderson's affidavit. Consistent with Ms. Henderson's affidavit, it does not include an entry memorializing a grievance by Plaintiff in September 2011. [*Id.*, Ex. A (Medical Grievance Log).]

3

On September 11, Plaintiff reported feeling something "pop off" his injection site, causing additional bleeding.  Plaintiff's Medical File at 27.  The on-call doctor ordered the prison clinic to monitor Plaintiff overnight and gave Plaintiff pain medication.  *Id.* at 26-27.  On September 12, Defendant Pillai examined Plaintiff, found no evidence of further bleeding, and discharged Plaintiff with an order to re-examine him in seven days.  [*Id.* at 26; Pillai Affidavit at 2.]

On September 14, 2011, Dr. Syed Naqvi examined Plaintiff in the prison infirmary.  [Pillai Affidavit at 2.]  Dr. Naqvi determined Plaintiff's AV fistula wound was healing, but noted a low-grade fever signaling infection, took a swab of the wound for laboratory testing, and gave Plaintiff Ciprofloxacin ("Cipro"), an antibiotic.  [*Id.* at 2; Plaintiff's Medical File at 26.]  On September 16, 2011, UCHC notified the prison clinic that Plaintiff's wound culture results tested positive for MRSA.  [Pillai Affidavit at 2; Plaintiff's Medical File at 25.]  However, Plaintiff was only notified that he had a "small infection," and the doctors were going to "knock it out" by administering Vancomycin, an intravenous antibiotic, with his hemodialysis treatment for six weeks.  [Dkt. No. 24, Ex. B (Plaintiff's Deposition) at 30; Plaintiff's Medical File at 114.]

Defendant submitted a signed affidavit stating he told Plaintiff his wound tested positive for MRSA on September 18, 2011.  [Pillai Affidavit at

4

2.] However, Plaintiff testified at his deposition that he was not informed he had MRSA on that date. [Plaintiff's Deposition at 30.]

On October 7, 2011, prison medical staff took another blood sample, and on October 8, the University of Connecticut Health Center reported the sample was still positive for MRSA. [Plaintiff's Medical File at 123.] Plaintiff was taken to the John Dempsey Hospital Emergency Room for evaluation and testing. *Id.* at 21. Plaintiff returned to MacDougall-Walker on October 9, where medical staff administered regular antibiotics, dressing changes, and blood tests. [*Id.* at 17-18, 21 (documenting daily visits to the prison infirmary from October 10 – 18); Pillai Affidavit at 3 (stating "medical staff examined Mr. Pierce each day during dressing changes and continued with swabs and blood testing").]

On October 22, 2011, lab results indicated Plaintiff still had MRSA. [Pillai Affidavit at 3; Plaintiff's Medical File at 17.] Plaintiff's Medical File indicates Plaintiff was taken to John Dempsey Hospital for treatment and evaluation that day. [Pillai Affidavit at 3; Plaintiff's Medical File at 17.] However, Plaintiff submits what appears to be a log of his movements between medical facilities, which indicates Plaintiff was not taken to the hospital that day. [Dkt. No. 28, Ex. 3 (Log of Movements).]

The log of Plaintiff's movements does indicate he was admitted to the hospital on October 26, 2011. *Id.* Plaintiff's medical file also indicates

5

Plaintiff was admitted on October 26, because a dialysis nurse was unable to access Plaintiff's AV Fistula due to clotting.  [Plaintiff's Medical File, 14-15, 350.]  Plaintiff remained hospitalized through November 16, 2011.  [*Id.* at 350; Log of Movements.]  During his hospitalization, on November 8, 2011, Plaintiff underwent surgery to remove the infected AV fistula and repair the area so Plaintiff could continue receiving hemodialysis.  [Plaintiff's Medical File at 352-53.]  Plaintiff states he first learned of his MRSA diagnosis during this quarantine.  [Plaintiff's Deposition at 35.]  Plaintiff was discharged on November 16, 2011, with instructions to receive antibiotics during hemodialysis for four weeks, as well as pain medication.  *Id.* at 353.

Plaintiff testified at his deposition that since his surgery, his arm "hurts.  It goes numb.  And it's constant.  And it has only gotten worse[] . . . since the surgery."  Plaintiff's Deposition at 41. Plaintiff filed his Complaint on October 6, 2014, alleging Defendant committed two acts constituting deliberate indifference to a serious medical need under 42 U.S.C. § 1983: (i) denying Plaintiff his prescribed antibiotics and (ii) withholding from Plaintiff the fact that he had contracted MRSA.  [*Id.* at 1].

II.   <u>Standard of Review</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving

6

party bears the burden of "'showing' – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002); see also Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986)). "If there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315–16 (2d Cir. 2006) (internal quotation marks and citation omitted).

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the non-moving party to present admissible evidence in support of [its] allegations. Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2001); Welch–Rubin v. Sandals Corp., No.3:03cv481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted); Martinez v. State of Connecticut, No. 3:09cv1341 (VLB), 2011 WL 4396704 at *6 (D. Conn. Sept.

7

21, 2011).  A party cannot defeat summary judgment by merely "relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible."  Welch-Rubin, 2004 WL 2472280 at *1; Martinez, 2011 WL 4396704 at *6.  If the non-moving party asserts no evidence upon which a jury could properly find in its favor, summary judgment is appropriate.  Fincher v. Depository Trust and Clearance Co., 604 F.3d 712 (2d Cir. 2010).

III.  <u>Application</u>

In its ruling denying Defendant's motion to dismiss, the Court characterized the Complaint as asserting two distinct acts of deliberate indifference.  [Dkt. No. 15 at 5.]  First, Plaintiff alleges that Dr. Pillai was deliberately indifferent to his serious medical needs when he failed to provide Plaintiff with antibiotics following a surgical procedure.  [*Id.*; *see also* Dkt. No. 1 (Complaint) at 8.]   Second, Dr. Pillai was deliberately indifferent by withholding from Plaintiff that he had contracted MRSA.  [Dkt. No. 15 at 5; Dkt. No. 1 at 8.]

Dr. Pillai moves for summary judgment on three grounds.  First, Dr. Pillai argues that the lawsuit is time-barred.  Second, Dr. Pillai contends that Plaintiff failed to exhaust his administrative remedies before commencing this lawsuit.  Finally, Dr. Pillai argues that Plaintiff fails to present any evidence showing deliberate indifference to a serious medical

8

need.  As the Court concludes that Plaintiff fails to present evidence to support claims for deliberate indifference to serious medical needs, the Court addresses only the third argument and does not address the time bar and exhaustion arguments.

    a.  <u>Plaintiff's First Deliberate Indifference Claim: Failure to Provide Prescribed Antibiotics</u>

Plaintiff was a pretrial detainee at all times relevant to this action. Claims for deliberate indifference to a serious medical need of a pretrial detainee are considered under the Fourteenth Amendment, while claims of sentenced inmates are considered under the Eighth Amendment.  In either case, however, the standard is the same.  *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009).

To state a claim for deliberate indifference to a serious medical need, Plaintiff must show both that his medical need was serious and that Defendant acted with a sufficiently culpable state of mind.  *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)).  There are both objective and subjective components to the deliberate indifference standard.  *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Objectively, the alleged deprivation must be "sufficiently serious."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The condition must produce death, degeneration or extreme pain.  *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  Subjectively, the defendant must have been

9

actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *Salahuddin v. Goord*, 467 F.3d 262, 279-80 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference cognizable under Section 1983. *Id.* Nor does a difference of opinion regarding what constitutes an appropriate response and treatment constitute deliberate indifference. *Ventura v. Sinha*, 379 F. App'x 1, 2-3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Regarding the first incident of alleged deliberate indifference, the failure to comply with prescribed treatment can constitute deliberate indifference to a serious medical need. *See Estelle*, 429 U.S. at 104-05; *see also Todaro v. Ward*, 565 F.2d 48, 52 (2d Cir. 1977) (failure of medical staff to comply with physician's orders resulted in improper treatment to support deliberate indifference claim). Plaintiff has not, however, submitted any admissible evidence suggesting the doctor at John Dempsey Hospital prescribed any antibiotics. Plaintiff submits only his statement that the doctor told him he would receive antibiotics when he returned to the correctional facility. This hearsay statement is not admissible and cannot be considered on a motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1) (requiring that party cite to admissible evidence to show existence of genuine dispute over factual issue).

10

Further, the discharge summary contains no order for antibiotics and specifically states that any change in antibiotic doses would be made by the Renal Group.  The Renal Group is headed by Dr. Kaplan, not Dr. Pillai. Plaintiff provides no evidence suggesting that Dr. Kaplan determined that antibiotics were needed.

Dr. Pillai has submitted his own affidavit stating his understanding from the discharge summary that any change in antibiotics would be made by the Renal Group and that, in his medical opinion, antibiotics were not needed upon Plaintiff's return to the correctional facility because there was no indication of any bacterial infection.  [Pillai Affidavit at 1.]  In addition, Defendant submitted an affidavit by Dr. Johnny Wu, an Assistant Clinical Professor of Medicine and Director of Medical Services at the University of Connecticut Health Center, concurring with Dr. Pillai's assessment.  [Dkt. No. 24, Ex. E at 2.]  Dr. Wu also noted that, even if Dr. Pillai had prescribed antibiotics, there is no guarantee that the antibiotics would have prevented the MRSA infection.  *Id*. at 2.

Absent any evidence showing the existence of an order for antibiotics that was ignored by Dr. Pillai, or establishing a need for antibiotics earlier than they were given to Plaintiff, there is no factual basis for a claim of deliberate indifference based on the first incident.  Instead, the issue is merely a disagreement between Plaintiff and Dr. Pillai over

11

appropriate treatment, which is not cognizable under section 1983.  Dr.
Pillai's motion for summary judgment is granted as to the first instance of
deliberate indifference.

> **b.  Plaintiff's Second Deliberate Indifference Claim: Failure to Inform Plaintiff of His MRSA Diagnosis**

The second incident is the delay in informing Plaintiff that he had
contracted MRSA.  There are no allegations that Plaintiff would have been
treated differently if he had been told earlier.  The facts establish that
Plaintiff was prescribed Ciprofloxacin as soon as medical staff became
aware that Plaintiff had developed a fever and his wound was swabbed for
testing.  [Plaintiff's Medical File at 26.]  As soon as MRSA was detected,
Plaintiff was prescribed strong antibiotics.  *Id.* at 114.  Plaintiff was taken to
the hospital for evaluation and treatment several times with some success.
*See, e.g.*, *id.* at 17, 21.  When the MRSA reappeared in blood cultures,
Plaintiff was taken back to the hospital where the MRSA was surgically
addressed.  *Id.* at 352-53.  Plaintiff provides no evidence suggesting that he
would have been treated differently if he had been told immediately that he
had contracted MRSA.  Thus, the second incident concerns not his medical
treatment but the lack of information.

The constitutional right to medical information ensures that
prisoners have sufficient information to exercise their right to refuse
treatment.  "To establish a violation of the constitutional right to medical

12

information, a prisoner must satisfy an objective reasonableness standard, must demonstrate that the defendant acted with the requisite state of mind, and must make a showing that the lack of information impaired his right to refuse treatment." *Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006).  The deliberate indifference required is different from that applicable for an Eighth Amendment claim regarding medical treatment.  Plaintiff must show that the doctor withheld information with the intent that the prisoner agree to treatment that he otherwise would refuse.  *See Vega v. Rell*, 3:09-cv-737, 2012 WL 2860793, at * 8 (D. Conn. July 9, 2012) (citing *Alston v. Bendheim*, 672 F. Supp. 2d 378, 384-85 (S.D.N.Y. 2009) (citing cases)).

Plaintiff was aware of his diagnosis on October 26, 2012, before he underwent surgical repair of the fistula and stent.  Thus, the withholding of information applies to the period from September 16, 2012, until October 26, 2012, during which time Plaintiff was given strong antibiotics to combat MRSA.  Plaintiff makes no showing that he would have denied this treatment.  Absent such evidence, Plaintiff cannot state a deliberate indifference claim on the lack of medical information.  Dr. Pillai's motion for summary judgment is granted on this claim.

IV.   Conclusion

The Defendant's Motion for Summary Judgment is accordingly GRANTED.   The Clerk is directed to close this case.

13

**SO ORDERED at Hartford, Connecticut, this 15th day of November, 2016.**

_____/s/_____
**Vanessa L. Bryant**
**United States District Judge**

**14**